[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2010
JOHN LEY
CLERK

No. 09-16501
Non-Argument Calendar

_____

Agency No. A096-114-150

ALI HUSSAIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 23, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Ali Hussain, a Pakistani national proceeding through counsel, petitions for review of the Board of Immigration Appeals's ("BIA") final order denying his motion to reopen the underlying removal proceedings against him, pursuant to the Immigration and Nationality Act ("INA") § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C). On appeal, Hussain argues that the BIA abused its discretion in denying his motion to reopen based on changed country conditions in Pakistan since 2006. Conceding that his motion to reopen was untimely, Hussain nonetheless asserts that the country conditions in Pakistan have changed since 2006, in that he will likely be persecuted as a Shia Muslim. Hussain argues that his fears are compounded by the fact that he has lived in the United States most of his life, and Travel Warnings indicate an increased possibility of violence against Westerners.

We review the BIA's dismissal of an appeal from the IJ's denial of a motion to reopen for an abuse of discretion. *Jiang v. U.S. Att'y Gen*, 568 F.3d 1252, 1256 (11th Cir. 2009). Judicial review for an abuse of discretion is "limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).

A party may file only one motion to reopen removal proceedings, and that motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary

material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B); 8 C.F.R. § 1003.23(b)(3). A motion to reopen generally must be filed no later than 90 days after the final administrative decision. INA § 240(c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). However, an exception applies if the motion (1) seeks to reopen the proceedings for the petitioner to apply for asylum or withholding of removal, and (2) is based on "changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available . . . at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4). The movant "cannot circumvent the requirement of changed country conditions by demonstrating only a change in . . . personal circumstances." *Zhang*, 572 F.3d at 1319-20 (explaining that the birth of a child is a change in personal circumstances, while more stringent enforcement of China's family planning policy is a change in country conditions).

"Motions to reopen are disfavored, especially in a removal proceeding, where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (internal quotations omitted). Accordingly, an alien who attempts to show that the evidence is material bears a heavy burden and must present evidence satisfying the BIA that, if the proceedings were

3

reopened, the new evidence likely would change the result in the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006).

We hold that the BIA did not abuse its discretion in denying Hussain's untimely motion to reopen because he failed to demonstrate that the country conditions in Pakistan underwent material changes since 2006 in terms of discrimination and sectarian violence against Shia Muslims and Pakistani expatriates from the United States. Notably, Hussain failed to submit evidence on Pakistan's conditions in 2006. Thus, he provided no evidence as required by 8 U.S.C. § 1229a(c)(7)(C)(ii) to enable the BIA to make a valid comparison between conditions in Pakistan in 2006, when Hussain's motion to reopen removal proceedings would have been timely, and 2009, when he actually filed the motion. In fact, contrary to Hussain's assertion of changed conditions, the record shows that problems such as general sectarian violence and terrorist attacks on Shia Muslims were ongoing complications and, thus, predated his 2006 hearings. Hussain also cannot support his petition for rehearing by relying on the murder of his uncle in 2009, because it is unclear whether his uncle was indeed killed for being a practicing Shia Muslim, and in any event similar killings and sectarian violence against Shia Muslims existed before 2006. *See Zhang*, 572 F.3d at 1319-20 (noting that change in personal circumstances is insufficient to satisfy requirement of showing changed country conditions). Finally, the 2009 U.S.

4

Department of State travel warning does not support Hussein's claim of change of country conditions because it was directed at American citizens in Pakistan, and Hussain is not an American citizen.

Based on a review of the record and the parties' briefs, we deny Hussain's petition for review.

**DENIED.**[1]

---

[1] Appellant's request for oral argument is DENIED.